**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DALE ROYAL BUXTON,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE TEST SYSTEMS, INC.,<br><br>Defendants. | No. C-08-04404 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS<br><br>**[Re Docket No. 58]** |

Defendant Eagle Test Systems, Inc. ("Eagle Test") moves to dismiss plaintiff Dale Royal Buxton ("Buxton")'s claim for intentional interference with prospective economics relations in the Second Amended Complaint ("SAC"). This motion came on for hearing on March 26, 2010. Prior to the hearing, the court posted a tentative ruling granting the motion to dismiss with leave to amend. The parties accepted this tentative ruling. The court therefore grants the motion and sets out its reasoning below.

## I. BACKGROUND

According to the SAC, Buxton used to live in Singapore and work for Eagle Test as Vice President of Asia Operations. SAC ¶ 4. In March 2008, Eagle Test offered him a position heading a

global sales group as Vice President of Sales - Fabless/Sub-Contractor in California, and in reliance on this offer, Buxton relocated to California in April 2008. SAC ¶ 5. Shortly after Buxton's relocation, Eagle Test informed him that he would not have a global sales group to manage and limited his job responsibilities. SAC ¶ 6. On May 16, 2008, Eagle Test terminated Buxton's employment. SAC ¶ 7. Buxton brings claims for breach of contract, fraud and misrepresentation, unlawful inducement to move, wrongful termination, intentional interference with prospective economic relations, and intentional infliction of emotional distress. Eagle Test moves to dismiss Buxton's claim for intentional interference with prospective economic relations for failure to state a claim upon which relief can be granted.

## II. ANALYSIS

To state a claim for intentional interference with prospective economic advantage,[1] one must plead facts showing: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003) (quoting *Westside Ctr. Assoc. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 521-22 (1996)).

To establish the first element, plaintiff must allege the existence of "a specific prospective relationship, not [potential relationships] with a class of unknown investors or purchasers." *Westside*, 42 Cal. App. 4th at 520 n.15. In *Westside*, the plaintiff contended that the trial court should not have limited its proof to the disruption of a particular relationship with a known third party, *id.* at 520, and argued for "an expansive view of the tort which protects WCA's economic relationship with the entire market of all possible but as yet unidentified buyers for its property," *id.* at 527. The court rejected this view because "[w]ithout an existing relationship with an identifiable

---

[1] The terms "intentional interference with prospective economic relations" and "intentional interference with prospective economic advantage" are often used interchangeably and refer to the same tort.

buyer, WCA's expectation of a future sale was 'at most a hope for an economic relationship and a desire for future benefit.'" *Id.* (quoting *Blank v. Kirwan*, 39 Cal. 3d 311, 331 (1985)). The California Supreme Court approved this holding, quoting *Westside* as properly limiting the tort of intentional interference with prospective economic advantage to "protect[ing] the expectation that the relationship eventually will yield the desired benefit, not necessarily the more speculative expectation that a potentially beneficial relationship will arise." *Korea Supply*, 29 Cal. 4th at 1153 (quoting *Westside*, 42 Cal. App. 4th at 524).

Buxton's claim for intentional interference with prospective economic relations is based on the following factual allegations: (1) Eagle Test enticed him to move from Singapore to California with false promises; (2) Eagle Test failed to take the necessary steps to change his employment status in Singapore, causing him to be unable to secure employment in Singapore; and (3) Eagle Test refused to return his personal documents containing contact information for other professionals in his field. SAC ¶¶ 36-37. Plaintiff alleges that these acts by defendant "deprived Plaintiff of securing new employment in Singapore and limited his pursuit of other positions in the semi-conductor industry" and that defendant knew its conduct would have this effect. SAC ¶¶ 37- 38.

Notably, the SAC does not contain factual allegations about the existence of any specific economic relationships with identifiable third parties, which defendants knew about and intentionally disrupted through a wrongful act. The SAC does not state that specific employers expressed interest in hiring Buxton, nor does it provide factual allegations suggesting that any of his unnamed professional contacts would have offered him employment. To state a claim for intentional interference with prospective economic advantage, plaintiff must plead facts showing that it is reasonably probable that he would have received some expected benefit had it not been for defendant's wrongful interference. *Westside*, 42 Cal. App. 4th at 523. Without any identifiable prospective employers, plaintiff's expectation of future employment is "at most a hope for an economic relationship and a desire for future benefit." *Blank*, 39 Cal. 3d at 331. The court finds that Buxton has not pled sufficient facts to state a claim for intentional interference with prospective economic relations.

**III. ORDER**

For the foregoing reasons, the court dismisses plaintiff's claim for intentional interference with prospective economic relations with 20 days leave to amend.

DATED: 3/26/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS—No. C-08-04404 RMW
CCL   4

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Robert Herbert Bohn , Sr.          bbohn@bohnlaw.com

**Counsel for Defendants:**

Michael J. Burns , Esq.            mburns@seyfarth.com
Aniesa Rice                        aniesa.rice@kattenlaw.com
Aryeh Matthew Hersher              ahersher@seyfarth.com
Ryan James Larsen                  ryan.larsen@kattenlaw.com
Stacey Dianne McKee-Knight         stacey.knight@kattenlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 3/26/10

CCL
**Chambers of Judge Whyte**