*E-FILED 08-09-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DALE ROYAL BUXTON,<br><br>        Plaintiff,<br><br>    v.<br><br>EAGLE TEST SYSTEMS, INC.,<br><br>        Defendant. | No. C08-04404 RMW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ADDITIONAL TIME TO DEPOSE PLAINTIFF**<br><br>[Re:  Docket No. 72] |

In this employment case, plaintiff Dale Royal Buxton sues for alleged breach of contract and wrongful termination. He lived in Singapore and worked for defendant Eagle Test Systems (Eagle) as the company's Vice President of Asia Operations. According to Buxton, defendant subsequently lured him back to the United States with an offer of a better position in California, heading a global sales group as Vice President of Sales–Fabless/Sub-Contractor. Buxton claims that, in reliance on this offer, he relocated to California, only to be told that he would not have a group to manage and that his job responsibilities would be limited. Shortly after, defendant terminated plaintiff's employment. Eagle contends that plaintiff was underperforming as Vice President of Asia Operations, but that the company offered him the new position, believing that Buxton could still be an asset. Eagle further claims that plaintiff was fired for insubordination and because he refused to perform his new job duties.

Eagle deposed plaintiff over several days for a total of about 15 hours—more than twice

1  the presumptive limit set by the Federal Rules of Civil Procedure.  Claiming that this is a
2  complex case, and further asserting that plaintiff often gave answers which were "sprawling"
3  and non-responsive, defendant now moves for four additional hours to examine him.  Plaintiff
4  opposes the motion.  This matter is deemed appropriate for determination without oral
5  argument, and the August 31, 2010 hearing is vacated.  *See* Civ. L.R. 7-1(b).  Upon
6  consideration of the moving and responding papers, this court grants the motion in part and
7  denies it in part.

8      "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7
9  hours."  FED. R. CIV. P. 30(d)(1).  Nevertheless, "[t]he court must allow additional time
10 consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent,
11 another person, or any other circumstance impedes or delays the examination."  *Id*.  Pursuant to
12 Fed. R. Civ. P. 26(b)(2), the court must limit the extent or frequency of discovery if it finds that
13 (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a
14 source that is more convenient, less burdensome or less expensive, (b) the party seeking
15 discovery has had ample opportunity to obtain the information through discovery; or (c) the
16 burden or expense of the discovery sought outweighs its likely benefit, considering the needs of
17 the case, the amount in controversy, the parties' resources, the importance of the issues at stake,
18 and the importance of the discovery in resolving those issues.  FED.R.CIV.P. 26(b)(2)(C)(i)-(iii).

19     Eagle's assertions as to the complexity of this case are exaggerated.  Although his
20 employment with Eagle lasted for about six years, plaintiff contends that the only relevant
21 timeframe is the six-month period surrounding his relocation to California and the date of his
22 termination.  Eagle disagrees and says that the relevant time period is much broader because
23 plaintiff's entire employment history is pertinent to the company's defense.  Even so, Eagle's
24 opening brief presented little more than generalities, rather than a solid detailed showing as to
25 why additional time is needed.  And, while Eagle is frustrated with the way in which plaintiff
26 answered some questions, the few deposition excerpts Eagle cites in its reply do not establish
27 that plaintiff's conduct seriously impaired defendant's ability to obtain a fair examination
28 during the fifteen hours of deposition that have already been taken.  At the same time, however,

1  plaintiff cites to no particular examples to support his contention that defense counsel's
2  examination was conducted in an inefficient manner.  Defense counsel acknowledges that he
3  did not examine plaintiff as effectively as he should have during the second and third deposition
4  sessions, albeit counsel attributes this to the fact that he was feeling quite ill at that time.
5  Moreover, this court finds that no undue burden will be imposed on plaintiff if defendant is
6  permitted to further depose him for some limited period of time.

    Based on the foregoing, defendant will be given an additional opportunity to depose plaintiff.  However, the deposition shall not exceed 1.5 hours.  Additionally, the deposition shall occur at a time, place and location convenient to plaintiff and his counsel.[1]

SO ORDERED.

Dated:    August 9, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff says that, earlier this month, he moved back to Singapore. Defendant is willing to depose him by telephonic means. The parties may stipulate, or the court may upon motion order, that a deposition be taken by telephone or other remote means. FED. R. CIV. P. 30(b)(4).  For purposes of this rule, and Fed. R. Civ. P. 28(a), 37(a)(2) and 37(b)(1), "the deposition takes place where the deponent answers the questions." *Id*.  Here, there is no information presented by which this court may meaningfully assess whether such means are feasible, practical, or fair.  Accordingly, this court declines to order that plaintiff's deposition be taken telephonically.  However, examination by such means will not be precluded if the parties agree to it.

United States District Court
For the Northern District of California

1  5:08-cv-04404-RMW Notice has been electronically mailed to:

2  Aniesa Rice     aniesa.rice@kattenlaw.com

3  Aryeh Matthew Hersher     ahersher@seyfarth.com

4  Michael J. Burns , Esq     mburns@seyfarth.com

5  Robert Herbert Bohn , Sr     bbohn@bohnlaw.com, cindy@bohnlaw.com, jodie@bohnlaw.com

6  Ryan James Larsen     ryan.larsen@kattenlaw.com

7  Stacey Dianne McKee-Knight     stacey.knight@kattenlaw.com

8  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4